UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

    Plaintiff,

vs.                                                       CASE NO. 3:10-cv-524-J-99TEM

LINDA SHARPE and TONIA THOMAS,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

This matter is before the Court on the Plaintiff's complaint (Doc. #1) and Plaintiff's request to proceed *in forma pauperis*, contained within his affidavit of indigency (Doc. #2). Also before the Court are motions seeking the arrest of Defendants (Doc. #3; Doc. #4). Upon review of these documents, the Court finds Plaintiff's complaint is subject to dismissal and, therefore, recommends the request to proceed *in forma pauperis* be denied and that the case dismissed without prejudice.

Under 28 U.S.C. §1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and the costs associated with a lawsuit. As recognized by the United States Supreme Court, however, "a litigant whose filing fees and court costs are assumed by the public...lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When an application to proceed *in forma pauperis* is

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.  A suit is frivolous where it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Thus, the Court is empowered with the discretion to dismiss an action, *sua sponte*, if the case falls within one of the restrictions specified in the statute.  See *Neitzke*, 490 U.S. at 324.

While the filed affidavit of indigency reveals Plaintiff may have insufficient resources to commence and prosecute the litigation, a review of the complaint also reveals Plaintiff has failed to state a valid claim upon which relief may be granted.  Furthermore, the lawsuit appears to be frivolous under the standard established by *Neitzke*.  More particularly, Plaintiff asserts he is pursuing a claim under the Racketeer Influenced and Corrupt Organizations Act (the "RICO Act"), 18 U.S.C. § 1961, *et seq.* (Doc. #1 at 2).  Plaintiff desires to bring a civil action in federal court against Defendants, complaining that Defendants have kidnaped and raped a mentally challenged individual by the name of Joshua McCollum (Doc. #1 at 3).[2]  Plaintiff claims that Defendant Tonia Thomas is a member of a gang known as the "Crips" (Doc. #1 at 3).  He seeks an injunction against Defendants and one million dollars in damages to compensate him for "undue stress" (Doc. #1 at 4).

Under the RICO Act, a person who suffers injury by reason of a criminal RICO violation may bring a civil action against the RICO violator.  18 U.S.C. §1964; *McCaleb v.*

---

[2]Plaintiff does not provide his relation to Mr. McCollum.

*A.O. Smith Corp.*, 200 F.3d 747, 751 (11th Cir. 2000). The alleged injury, however, must: (1) arise from an unlawful act specified in 18 U.S.C. § 1961(1);[3] (2) be of an enterprise; (3) be of a "pattern;" and (4) must have been committed for the purpose of financial gain. *See Smith v. Hildebrand*, 244 Fed. App'x. 288, 289 (11th Cir. 2007);[4] *citing Beck v. Prupis*, 529 U.S. 494, 504-06 (2000); *see also Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311-12 (11th Cir. 2000).

As an initial matter, it appears Plaintiff is asserting claims that pertain solely to an alleged injury incurred by Joshua McCollum (Doc. #1 at 3, 5). Federal courts allow a party to plead and conduct their own cases personally or by way of counsel. 28 U.S.C. § 1654. Moreover, the Middle District of Florida permits only licensed attorneys and certain eligible law students to appear as counsel in proceedings before it. *See* Local Rule 2.01(a)(b), 2.02, 2.05. A non-attorney who is authorized to bring suit on behalf of a party may not appear *pro se* as that party's "legal counsel," even where statutes or regulations permit the non-attorney to serve as a representative in administrative proceedings. *Hand v. Bibeault, et.al.*, No. 10-11573, 2010 WL 4069377, slip op. at *1 (11th Cir. Oct. 19, 2010).

While Plaintiff claims he has suffered "undue stress" due to the actions of Defendants, and that Defendant Tonia Thomas is a gang member (*i.e.*, a member of an enterprise), Plaintiff has failed to allege any facts to suggest that the alleged acts, *supra*, are of a pattern or were committed for the purpose of financial gain (*see* Doc. #1). *See*

---

[3] Kidnapping is an enumerated act pursuant to 18 U.S.C. § 1961(1).

[4] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

*also* 18 U.S.C. § 1961(1). Consequently, Plaintiff has failed to state a cause of action under the RICO Act.

The Eleventh Circuit has found that courts should permit *pro se* litigants, who are seeking *in forma pauperis* status, the opportunity to amend a deficient complaint before dismissing it pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260, n.5 (11th Cir. 2002). It should be noted, however, that Plaintiff has filed *pro se* actions in this Court for over ten years.[5] *See e.g.*, *Fisher v. State of Florida*, Civ. Action No. 3:97-cv-0547-J-20HTS (M.D. Fla. May 22, 1997) (IFP denied; case dismissed with prejudice); *Fisher v. Weatherby*, Civ. Action No. 3:98-cv-0055-J-21TJC (M.D. Fla. Jan. 23, 1998) (IFP denied; case dismissed); *Fisher v. Boatwright, et al.*, Civ. Action No. 3:01-cv-0552-J-20HTS (M.D. Fla. Oct. 10, 2001) (IFP granted; defendant's motion to dismiss for failure to state a claim granted and the case dismissed with prejudice); *Fisher v. State of Florida, et al.*, Civ. Action No. 3:02-cv-0671-J-20HTS (M.D. Fla. Mar. 24, 2003) (report and recommendation of the magistrate judge adopted; case dismissed for failure to prosecute because plaintiff failed to amend the complaint as directed); *Fisher v. State of Florida*, Civ. Action No. 3:08-cv-62-J-33MCR (M.D. Fla. Feb. 8, 2008) (report and recommendation of the magistrate judge adopted; case dismissed for failure to state a valid claim for violation of any federal law).

As the majority of Plaintiff's *pro se* actions have been dismissed either as frivolous or due to failing to state a claim upon which relief may be granted, the undersigned considered recommending that the case be dismissed with prejudice. In an abundance of

---

[5] It appears to the Court that Plaintiff James Fisher has filed well in excess of fifty (50) civil cases in the Middle District of Florida.

caution, however, the undersigned will recommend that the case be dismissed without prejudice.    Accordingly, and upon due consideration, the undersigned hereby respectfully **RECOMMENDS**:

    1.    The motion to proceed *in forma pauperis* (Doc. #2) be **DENIED.**

    2.    The complaint (Doc. #1) be **DISMISSED without prejudice**.

    3.    The motions seeking issuance of arrest warrants (Doc. #3; Doc. #4) be **DENIED as moot**.

**DONE AND ENTERED** at Jacksonville, Florida this 28th day of October, 2010.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to: *Pro Se* Plaintiff and
The Honorable Marcia Morales Howard